

**Dated: July 12, 2023**

**The following is ORDERED:**

Janice D. Loyd
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 17-11522-JDL |
| DAVID BRUECKS and JENNIFER | ) | Chapter 13 |
| BRUECKS | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| DAVID BRUECKS and JENNIFER | ) | |
| BRUECKS | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. No. 23-01016-JDL |
| | ) | |
| NATIONSTAR MORTGAGE, LLC d/b/a | ) | |
| MR. COOPER, and | ) | |
| MCLP ASSET COMPANY, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO DISMISS
AS TO MCLP ASSET COMPANY, INC.**

**I. Introduction**

       This adversary proceeding was brought by Debtors against two mortgage

companies asserting violations of the automatic stay, violation of the chapter 13

Confirmation Order and for an accounting.  One defendant, Nationstar Mortgage, LLC ("Nationstar"), has filed an Answer generally denying the Debtors' allegations in their Complaint.  The other defendant, MCLP Asset Company, Inc ("MCLP"), has filed its *Second Corrected Motion to Dismiss Plaintiffs' Complaint* (the "Motion") [ECF Doc.10] asserting that the Debtors' Complaint fails to state a claim upon which relief can be granted as against it.  The Debtors' response to the Motion was due to be filed on or before June 22, 2023, but the Debtors have not responded to the Motion as required by Local Rule 9013-1(D) and (G).

## II. Jurisdiction

The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of reference entered in this District pursuant  to LCvR 81.4.  This is a core proceeding to determine whether there has been a violation of the automatic stay or violation of the chapter 13 confirmation order.  Although a violation of the automatic stay is not specifically designated as a core proceeding under § 157, any rights arising from a violation of the automatic stay are substantive rights created by the Bankruptcy Code and are thus quintessentially core matters. *Banks v. Kam's Auto Sales (In re Banks)*, 521 B.R. 417, 420 (Bankr. M.D. Ga. 2014); *Fortune & Faal v. Zumbrun (In re Zumbrun),* 88 B.R. 250, 253 (9th Cir. BAP 1988) ("[I]t is recognized that such a proceeding is a core proceeding because the automatic stay is a 'creature peculiar to federal bankruptcy law' and it 'plays a fundamental role in the administration of the Bankruptcy Code.'"); *In re Walker,* 551 B.R. 679, 686 (Bankr. M.D. Ga. 2016).  Likewise, this Court has subject matter jurisdiction over an adversary proceeding asserting violations

2

of a confirmed plan. A matter concerning the administration of a chapter 13 bankruptcy plan concerns matters that "by [their] nature, could arise only in the context of a bankruptcy case" and are thus core. *In re Rodriguez,* 396 B.R. 436, 449 (Bankr. S.D. Texas 2008).

While the Debtors' claim for an accounting may be non-core, the Court deems it "inextricably intertwined" to the core matters so that it has jurisdiction to treat the entire proceeding as a core proceeding and enter a final judgment on all matters so intertwined. *Honigman, Miller, Schwartz & Cohn v. Weitzman (In re DeLorean Motor Co.)*, 155 B.R. 521, 525 (9th Cir. BAP 1993); *In re Electric Machinery Enterprises, Inc.*, 416 B.R. 801, 866 (Bankr. M.D. Fla. 2009).

### III. Debtors' Failure to Respond to the Motion

Although Local Rule 9013-1(E) provides that a party's failure to respond to a motion "may be deemed confessed and the relief granted *ex parte*," the Court nonetheless has ruled substantively on such motions and generally does not grant dispositive motions on procedural default alone. The Court must consider the merits of the motion. *See Issa v. Comp USA,* 354 F.3d 1174, 1177–78 (10th Cir. 2003) ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted."); *Reed v. Bennett*, 312 F.3d 1190, 1194–95 (10th Cir. 2002); *In re Millspaugh*, 302 B.R. 90, 95 (Bankr. D. Idaho 2003) ("[C]ourts are not required to grant a request for relief simply because the request is unopposed."); *In re Nunez*, 196 B.R. 150, 156 (9th Cir. BAP 1996) ("The granting of an uncontested motion is not an empty exercise but requires that the court find merit to the

motion."). The Court will therefore require MCLP to meet motion to dismiss standards notwithstanding the Debtors failure to come forward with any evidence and argument in opposition to the Motion.

### IV. The Allegations of Debtors' Complaint

In September 2016, the Debtors' mortgagee, Nationstar, filed a foreclosure case against the Debtors on their property situated in Canadian County Oklahoma. On February 3, 2017, a final journal entry of judgment was entered in the foreclosure case. On April 21, 2017, the Debtors filed their petition for relief under Chapter 13 of the Bankruptcy Code. On June 13, 2017, an order confirming plan was entered by which the Chapter 13 Trustee began monthly disbursements to Nationstar for the ongoing monthly mortgage payment (including escrow for taxes and insurance) and the pre-petition arrearage. The Debtors' note and mortgage required the mortgage servicer, Nationstar, to pay the homeowners insurance and property taxes with funds included in the ongoing monthly payments.

In December 2017, the Debtors' homeowners insurance was canceled for failure on the part of Nationstar to pay the premiums. In January of 2018, the Chapter 13 Trustee filed a motion to dismiss based on an increase in the escrow account needed to be included in the ongoing monthly mortgage payment. The motion to dismiss was resolved by increasing the Debtors' plan payment.

In January 2020, Debtors and their counsel learned that the property taxes on the Debtors' property had not been paid since 2017. Nationstar subsequently brought the taxes current. However, the Debtors were unable to get their homeowners insurance reinstated, and Nationstar continued paying (and charging Debtors) for forced placed

4

insurance. Nationstar refused to provide a payment history showing what it had done with the escrow payments received from the trustees office for the almost two years the bankruptcy had been on file and it had not been paying the taxes or homeowners insurance. Nationstar also failed to provide any evidence that the penalty for late payment of taxes was not assessed against the Debtors' mortgage account.

In March 2022, Nationstar assigned its claim to MCLP, and "presumably this assignment included the escrow account, corporate advance accounts, suspense accounts and principal accounts of the mortgage, (but) it is unknown the extent to which MCLP may benefit from Nationstar's improper handling of the escrow account ...."

As to the Debtors' First Cause of Action for violation of the Confirmation Order, the Complaint alleges:

> 17. Nationstar received payments from the Trustee that were specified as the ongoing monthly payments required by the Note and Mortgage. Those payments included funds for escrow.
>
> 18. To the extent that Nationstar received escrow funds that were not properly applied to the escrow account, it did so in violation of the Confirmation Order.
>
> 19. It is unknown the extent to which this has been effected by the assignment to MCLP Asset Company, Inc..
>
> 20. The Debtors have been damaged by the actions that left them without homeowners insurance, without the taxes being paid on their home ... being forced to pay for forced place insurance that was more expensive than their homeowners insurance, and the resulting attorneys fees from responding to the Trustee's motion to dismiss needed to accommodate an increase in their escrow payment.

As to the Debtors Second Cause of Action for violation of the automatic stay, the Complaint alleges:

5

23. Nationstar's increase in the escrow payment for the Debtors' note and mortgage was an attempt to obtain possession or control of property of the estate in violation of the automatic stay.

24.  It is unknown the extent to which this has been effected by the assignment to MCLP Asset Company, Inc..

25. The Debtors have been damaged by being forced to pay for forced place insurance that was more expensive than their homeowners insurance, and the resulting attorneys fees from responding to the Trustee's motion to dismiss needed to accommodate an increase in their escrow payment.

As to the Debtors' Third Cause of Action for an accounting, the Complaint alleges:

27. Nationstar has failed to provide a full account statement showing how it applied the funds received from the Trustee's payments that were not used to pay the Debtors' homeowners insurance or taxes. They have also failed to produce any evidence that the penalties for late payment of taxes was born (sic) by the mortgage servicer and not by the Debtors.

28. For these reasons the Debtors demand an accounting of the mortgage company's application of all payments received from the Trustee in this case for the life of the plan. This includes payments made by both Nationstar and its successor, regardless of which of them currently has control over the relevant financial records.

## V. The Standards for a Motion to Dismiss

A motion to dismiss for "failure to state a claim upon which relief can be granted" is governed by Rule 12(b)(6) of the Fed. R. Civ. P., made applicable to adversary proceedings by Fed. R. Bankr. P. 7012.[1] The purpose of a motion to dismiss under Rule

---

[1]  All future references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure or to the Federal Rules of Civil Procedure made applicable to bankruptcy proceedings, unless otherwise indicated.

12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994).  In evaluating a motion to dismiss, the court may consider not only the complaint, but also the attached exhibits and documents incorporated into the complaint by reference. *Commonwealth Property Advocates, LLC v. Mortgage Electronic Registration Systems, Inc.,* 680 F.3d 1194, 1201 (10th Cir. 2011); *In re Woods,* 2021 WL 4237309, at *2 (Bankr. N.D. Okla. 2021).  *See also* Fed. R. Civ. P. 10(c) made applicable to this proceeding by Rule 7010 ("A copy of a written instrument as an exhibit to a pleading is part of the pleading for all purposes.").

In considering a motion to dismiss, the Court must construe a complaint in the light most favorable to the plaintiff, taking as true all factual allegations and making all reasonable inferences in the plaintiff's favor that can be drawn from the pleadings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010); *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006).  "That the Court accepts them as true, however, does not mean the allegations in a complaint are in fact true; a plaintiff is not required to prove his case at the pleading stage." *Higginbottom v. Mid-Del School District,* 2016 WL 951691, at *2 (W.D. Okla. 2016).  The Court must not "weigh potential evidence that the parties might present at trial" in order to test the sufficiency of the complaint. *Sutton v. Utah State School for the Deaf And Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  It is well recognized that "granting a motion to dismiss is a harsh remedy and must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleadings but also to protect the interests of justice." *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

To survive a motion to dismiss, a complaint must contain enough facts, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In applying *Twombly's* "plausibility standard," the Tenth Circuit has held that the standard lies as a middle ground between "heightened fact pleading" and "formulaic recitation of the elements of a cause of action." *Robbins v. State of Oklahoma, ex rel., Department of Human Services*, 519 F.3d 1242, 1247 (10th Cir. 2008). Although the complaint need not recite "detailed factual allegations, ... the factual allegations must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co. LTD.,* 555 F.3d 1188, 1191 (10th Cir. 2009) (quoting *Twombly* at 1965); *In re Ward*, 589 B.R. 424, 427 (Bankr. W.D. Okla. 2018); *Cook v. Baca,* 512 Fed.Appx. 810, 821 (10th Cir. 2013)**;** *Lamar v. Boyd,* 508 Fed.Appx. 711, 713-14 (10th Cir. 2013); *The Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (a complaint must give the court reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims raised) (emphasis in original). [A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Sanchez v. Hartley*, 810 F.3d 750, 756 (10th Cir. 2016) (quoting *Twombly,* 550 U.S. at 556).

## VI. Discussion

8

**A. Violation of the Confirmation Order**

Although not denominated as such, this First Cause of Action is in the nature of one for civil contempt.[2]  Reduced to its essentials, Debtors appear to be arguing that the plan having been confirmed, Nationstar and its agents were obligated by the Confirmation Order to obey it, and that failure to pay the homeowners insurance and/or the property taxes was a violation of that order.

To establish a right to relief for civil contempt, a party must show that (1) the party violated a specific and definite court order; (2) the party had notice of the order; and (3) the party did in fact violate the order. *In re Lucre*, 365 F.3d 874 (10th Cir. 2004); *In re Van Vleet,* 461 B. R. 62, 69 (D. Colo. 2010).  Debtors haven't even alleged facts, which accepted as true, could establish any liability on part of MCLP for a violation of the Confirmation Order.  Debtors allege that "to the extent that *Nationstar* received escrow funds that were not properly applied to the escrow account it did so in violation of the Confirmation Order." (Emphasis added).  The Debtors' Complaint makes it clear that MCLP had no involvement with Debtors' account until taking assignment of note and mortgage in March 2022, five years after it is alleged that Nationstar failed to pay the property taxes and homeowners insurance from the escrow account and two years after Nationstar brought the taxes current.  As to MCLP, Debtors state that "[i]t is unknown the extent to which this (violation of the confirmation order) has been effected by the assignment to MCLP."  Such a statement, not even a factual allegation, clearly does not raise the

---

[2] The Bankruptcy Code includes a provision for redress of violations of the automatic stay, see 11 U.S.C. § 362(k), but no similar provision for redress of violations of a confirmed plan. Accordingly, as with violations of the discharge, the Court looks to the generally applicable law of contempt.

9

Debtors' right to relief against MCLP "above the speculative level" required to pass motion to dismiss standards.

### B. Violation of the Automatic Stay

The Debtors assert that because "Debtors' post-petition wages were at all times property of their bankruptcy estate, *Nationstar's* increase in the escrow payment for the Debtors' note and mortgage was an attempt to obtain possession or control of property of the estate was a violation of the automatic stay." (Emphasis added). To demonstrate that a creditor has willfully violated the automatic stay, a plaintiff must show that (1) the creditor had knowledge of the automatic stay; and (2) the creditor intentionally took action that violated the automatic stay. *In re Johnson*, 501 F.3d 1163, 1172 (10th Cir.2007) (holding that "in order to demonstrate a violation of § 362(k)(1), the debtor bears the burden of establishing, by a preponderance of the evidence, that the creditor knew of the automatic stay and intended the actions that constituted the violation [.]"); *In re Kline,* 420 B.R. 541, 547 (Bankr. D. N.M. 2009).

Debtors don't come close alleging such a claim against MCLP. As with their allegations regarding the violation of the Confirmation Order, the alleged wrongful conduct of Nationstar occurred years before MCLP's involvement with Debtors' account, and Debtors state that "it is unknown the extent to which this (Nationstar's alleged violation of the automatic stay) has been effected by the assignment to MCLP." In effect, Debtors are stating that they don't know whether or not they have a claim against MCLP. If the Debtors don't know whether they have a claim against MCLP, the Court is not going to speculate

that they have one.[3]

### C. Action for an Accounting

Debtors' Third Cause of Action seeks an accounting. In support of that claim, they assert that "*Nationstar* failed to provide a full account statement showing how it applied the funds it received from the Trustee's payments that were not used to pay the Debtors' homeowners insurance or taxes." (Emphasis added). Based on that allegation alone, Debtors "demand that the court order a full accounting of all funds paid by the Chapter 13 Trustee to either Nationstar or MCLP...."

State law creates the actions for an accounting asserted against private defendants. *Gilmore v. Weatherford*, 694 F.3d 1160 (10th Cir. 2012). Under Oklahoma law, "A claim for an equitable accounting is sufficient if it alleges '(1) a confidential relationship; (2) the defendant had control over another's property and records concerning the property; (3) after a demand for an accounting defendant did not account or return the property; and (4) there was no adequate remedy at law.'" *Chieftain Royalty Co. v. Dominion Oklahoma Texas Exploration & Production*, Inc., 2011 WL 9527717, at *6 (W.D. Okla. 2011); (quoting *I.P.I.C ., GSP, S.L. v. Ruhrpumpen, Inc.,* 2008 WL 5122697, at *4 (N.D. Okla. 2008) (quoting *Howell Petroleum Corp. v. Leban Oil Corp.,* 976 F.2d 614, 620 (10th Cir. 1992)). In addition, a plaintiff must show that a balance is due in order to establish a right to an accounting. *Id.*, citing *Howell,* supra. Although Debtors may be entitled to an accounting

---

[3] The Court notes that Debtors did not avail themselves of Fed. R. Bankr. P. 3002.1(b) which requires debtors to object to any Notice of Payment Changes, including any escrow account adjustment, by a residential mortgagee by the date the new payment is due. Debtors were given notice of the mortgage payment change by Nationstar in February, 2020 and upon the assignment of the mortgage to MCLP on March 9, 2022. No objection was ever filed to either Notice.

if they cannot determine how much money is due to them from MCLP, they have failed to allege they have either the existence of a fiduciary relationship with MCLP or they have made a demand for an accounting to which MCLP refused to comply.  Debtors have thus failed to allege facts showing that these requirements are met, and their claim to entitlement to an accounting is dismissed.

For the reasons stated above,

**IT IS ORDERED** that Defendant *MCLP Asset Company, Inc.'s Second Corrected Motion to Dismiss* [ECF Doc.10] is hereby **Granted**, and Plaintiffs' Complaint against MCLP Asset Company, Inc. is **Dismissed**.

# # #

12